IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KWAIN BEDDOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2089-N-BN |
| | § | |
| MAURY COBB ATTORNEY AT LAW | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kwain Beddoe filed a *pro se* complaint alleging claims under the Fair

Debt Collection Practices Act. *See* Dkt. No. 3. And Senior United States District Judge

David C. Godbey referred Beddoe's lawsuit to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference.

Beddoe paid the filing fee. So, through an order entered on August 8, 2025, the

Court notified Beddoe that,

> by doing so, he undertook the obligation to (1) properly serve the
> defendant with a summons and the complaint in compliance with
> Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from
> defendant. *See* FED. R. CIV. P. 4(h) (setting forth procedures for serving
> corporations, partnerships, or associations); *see also* FED. R. CIV. P. 4(d)
> (procedures for requesting waiver of service).
>
> And Beddoe must file with the Court, as applicable, a proof of service in
> accordance with Rule 4(*l*) or an executed waiver of service.
>
> The Court further advises Beddoe that, if proper service is not made and
> shown to the Court through filed proofs of service (or a waiver of service
> obtained and filed with the Court) before the 90th day after his filing of

this action (on August 6, 2025) that is not a Saturday, Sunday, or legal holiday – which will be **Tuesday, November 4, 2025** – this case is subject to dismissal without prejudice unless Beddoe shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 5.

Presumably in response to this order and in recognition of his obligation to properly effect service, Beddoe submitted a return of service on September 5, 2025, indicating that a third party had delivered the complaint and civil cover sheet to an individual at the front desk for Defendant on August 13, 2025. *See* Dkt. No. 6. If Defendant was properly served on that date, its deadline to respond to the complaint was September 3, 2025. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

But more than 90 days later, Defendant had not responded to the complaint. So the Court entered a second order warning Beddoe that,

> under the Court's local rules, "[i]f a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant." N.D. TEX. L. CIV. R. 55.1.
>
> Because the return of service indicates that Defendant's deadline to respond was more than 90 days ago, Beddoe must move for entry of default and a default judgment by **February 6, 2026**, or the undersigned will recommend that the Court dismiss Beddoe's claims against Defendant without prejudice.
>
> Alternatively, if Beddoe believes that Defendant has not been properly served, he must file a motion for extension of time under Rule 4(m) by **February 6, 2026**. And the failure to do so will result in a recommendation that the Court dismiss Beddoe's claims against Defendant without prejudice. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for

failure to prosecute and obey court orders).

Dkt. No. 7.

Beddoe's deadline to move for entry of default and a default judgment has now passed. And it is now more than three months past the deadline set by Rule 4(m) and more than five months past the deadline for Defendant to respond to the complaint if it was properly served. But Defendant has not appeared or responded and Beddoe has not moved for entry of default and a default judgment or moved for an extension of time under Rule 4(m). And, so, considering this record, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b) and Local Civil Rule 55.1.

## Discussion

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the Court's order to move for entry of default and a default judgment, Beddoe has prevented this action from proceeding and has thus failed to prosecute this lawsuit. And Beddoe has been warned that failure to so move within the prescribed time will result in dismissal of the action without prejudice under Local Civil Rule 55.1. *See* Dkt. No. 7.

Dismissal of this lawsuit without prejudice under Rule 41(b) and Local Civil Rule 55.1 is therefore warranted under these circumstances.

Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Beddoe decides to obey the Court's order and prosecute this lawsuit, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b) and Local Civil Rule 55.1.

Insofar as this dismissal may prejudice Beddoe, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *Cf. Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) and Local Civil Rule 55.1.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 12, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE